# United States District Court
# Central District of California

| | |
|---|---|
| GEORGE A. HINSHAW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CHINA TIMES MEDIA GROUP, et al.,<br><br>　　　　Defendants. | Case № 2:20-cv-04302-ODW (JEMx)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND [24] AND GRANTING DEFENDANTS' MOTIONS TO DISMISS THE COMPLAINT [17] [19]** |

## I. INTRODUCTION

Plaintiff George A. Hinshaw originally brought this case against Defendants China Times Inc., Ltd., erroneously sued as China Times Media Group ("CT"), and the Taiwan Intellectual Property Office, erroneously sued as The Ministry of Economic Affairs, MOEA, and Intellectual Property Office ("TIPO") (together, "Defendants") in the Superior Court for the State of California, County of Los Angeles. (*See* Notice of Removal ("NOR"), ECF No. 1.) Defendants removed the case to this Court on May 12, 2020. (*Id.*)

Now before the Court are Hinshaw's Motion to Remand the action, TIPO's Motion to Dismiss the Complaint and Quash Service of Process ("TIPO's Motion"), and CT's Motion to Dismiss the Complaint ("CT's Motion"). (Mot. to Remand, ECF

No. 24; TIPO's Mot., ECF No. 17; CT's Mot., ECF No. 19.) For the following reasons, the Court **DENIES** Hinshaw's Motion to Remand, **GRANTS** TIPO's Motion, and **GRANTS** CT's Motion.[1]

## II. BACKGROUND

Hinshaw played baseball in the Chinese Professional Baseball League ("the League") from 1994 to 1996, and again in 1998. (NOR Ex. A - Vol. 1 ("Compl.") ¶ B, ECF No. 1-1.) In 2009, he discovered that Defendants had used his likeness on baseball cards (the "Cards"), using pictures taken when he played in the League. (*See* Compl. Ex. A ("Cards"), ECF No. 1-1; CT's Mot. 1.) Hinshaw's baseball contract from 1998 expressly contemplated the use of Hinshaw's likeness for "sales or promotional purposes in any manner the Team desires." (Compl. Ex. B ("Player Contract") Art. 5, ECF No. 1-1.) Nonetheless, Hinshaw appears to allege the Player Contract was unconscionable because it contained an arbitration clause, and that the running of the statutes of limitations on his claims ought to be equitably tolled because Defendants fraudulently concealed the Cards from Hinshaw. (*See generally* Compl.) Based more or less on these allegations, Hinshaw asserts several nearly unintelligible causes of action for accounting of the sales and profits from selling the Cards, conversion of the purported profits, unfair business practices, fraudulent concealment of the copyright license agreement between the parties, and breaches of the implied covenants of good faith and fair dealing. (*Id.*)

Notably, this is the second action by Hinshaw against the same Defendants in this Court. On September 25, 2018, Hinshaw filed a lawsuit in this Court against Defendants, asserting damages claims for copyright infringement, contributory infringement, and violations of his right of publicity, the Lanham Act, the California Unfair Competition Law ("UCL"), and antitrust laws. *See Hinshaw v. China Times Media Group et al.*, No. 2:18-cv-08278-ODW-JEM (the "2018 Action"). On

---

[1] After carefully considering the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

March 18, 2019, the Court dismissed the 2018 Action with prejudice because all of Hinshaw's claims were time-barred. (CT's Reqs. for Judicial Notice ("RJN") Ex. C, ECF No. 19-1.) Subsequently, Hinshaw filed the present action in state court. (*See* Compl.) And as mentioned above, Defendants removed this action to this Court on May 12, 2020. (*See* NOR.)

## III. REQUESTS FOR JUDICIAL NOTICE

TIPO requests that the Court take judicial notice of various Internet articles that purportedly help show why the Court lacks jurisdiction over TIPO. (*See* TIPO's RJN, ECF No. 18.) Additionally, CT requests that the Court take judicial notice of (1) the Court's orders in the 2018 Action; (2) Hinshaw's complaint in the 2018 Action ("2018 Complaint"); (3) Hinshaw's Complaint and the Player Contract as filed in this action; and (4) an order by the state court before removal of this action regarding service of process upon Defendants. (*See* CT's RJN.)

A court may take judicial notice of court filings and other matters of public record. *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that a court may take judicial notice of "undisputed matters of public record"); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of pleadings, memoranda, and other court filings); *see also United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007) (noting judicial notice of proceedings in other courts is proper "if those proceedings have a direct relation to matters at issue.").

First, the Court **DENIES** TIPO's Requests for Judicial Notice as moot because the Court does not rely on documents proffered by TIPO to resolve the present Motions, nor would they affect the outcome. Second, the Court **DENIES** CT'S Requests for Judicial notice of Hinshaw's current Complaint and the Player Contract because the Court need not take judicial notice of documents already filed in this action. (CT's RJN Exs. D–E.) Third, the Court **DENIES** CT's Request for Judicial Notice of the state court's order as moot because the Court does not rely on the order to resolve the present Motions, nor would it affect the outcome. (CT's RJN Ex. F.)

Lastly, the Court finds that the orders and 2018 Complaint filed in the 2018 Action "have a direct relation to matters at issue" in this case. *Black*, 482 F.3d at 1041. Accordingly, the Court **GRANTS** CT's Requests for Judicial Notice of those documents. (CT's RJN Exs. A–C.) The Court does not, however, take judicial notice of reasonably disputed facts in the judicially noticed documents. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## IV. DISCUSSION

The Court addresses Hinshaw's Motion to Remand first, then turns to Defendants' Motions to Dismiss.

### A. Hinshaw's Motion to Remand

Hinshaw moves to remand the case to state court, apparently on grounds that: (1) this Court should not grant Defendants' motions to dismiss; (2) this Court has jurisdiction over Defendants; and (3) Defendants were properly served. (*See* Mot. to Remand.) In opposition, CT asserts that Hinshaw's Motion is untimely, in-part because "a motion to remand on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." (Opp'n to Mot. to Remand 1, ECF No. 28 (quoting 28 U.S.C. § 1447(c)).) Indeed, CT is correct. Hinshaw filed his Motion to Remand on June 30, 2020, more than thirty days after Defendants removed the case on May 12, 2020. Hinshaw does not challenge subject matter jurisdiction. (*See generally* Mot. to Remand.) Accordingly, Hinshaw's Motion to Remand is **DENIED** under 28 U.S.C. § 1447(c).

### B. Defendants' Motions to Dismiss

TIPO moves to quash service and to dismiss the Complaint on the grounds that: (1) the Court lacks subject matter jurisdiction and personal jurisdiction over TIPO; (2) Hinshaw failed to properly serve TIPO; and (3) claim preclusion bars Hinshaw's claims. (*See* TIPO's Mot.) CT moves to dismiss the Complaint on the grounds that: (1) claim and issue preclusion bar Hinshaw's claims; (2) Hinshaw's claims are still time-barred; (3) Hinshaw fails to state a claim; and (4) Hinshaw failed to properly

serve CT. (*See* CT's Mot.) Because the Court concludes below that *res judicata*—also known as claim preclusion—entirely bars Hinshaw's claims, the Court need not consider the other questions raised by Defendants in their Motions.

### 1. *Legal Standard*

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

### *2. Res Judicata*

Both TIPO and CT argue that this case is barred by *res judicata*, otherwise known as claim preclusion. (TIPO's Mot. 16–18; CT's Mot. 9–13.) *Res judicata* bars lawsuits based on "any claims that were raised or could have been raised in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis and internal quotation marks omitted). *Res judicata* applies where there is: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity of the parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002)).

#### a. Identity of Claims

An "[i]dentity of claims exists when two suits arise from the same transactional nucleus of facts. Newly articulated claims based on the same nucleus of facts may still be subject to a *res judicata* finding if the claims could have been brought in the earlier action." *Id.* at 1078 (alteration in original) (internal quotation marks and citations omitted). In determining whether an identity of claims exists, Courts consider whether: (1) "the two suits arise out of the same transactional nucleus of facts;" (2) "rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action;" (3) "the two suits involve infringement of the same right; and (4) substantially the same evidence is presented in the two actions. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

Here, all four considerations weigh in favor of finding an identity of claims. First, the instant matter and the 2018 Action both arise from the same transactional nucleus of facts. Both arise from Defendants' alleged misappropriation of Hinshaw's intellectual property rights by making and selling the Cards while he played baseball in the League. (*Compare* Compl., *with* CT's RJN Ex. A ("2018 Compl.").) Second, the 2018 Action was decided in Defendants' favor, and relitigating this matter would unnecessarily burden Defendants. (*See* RJN Exs. B–C.) Third, both actions involve

infringement of the same rights—namely, Hinshaw's intellectual property rights that Defendants allegedly infringed by making and selling the Cards. (*See* Compl.; 2018 Compl.) And fourth, substantially the same evidence is presented in both actions. For instance, Exhibit A to the Complaint in this action is the same Exhibit A filed in connection with Hinshaw's complaint in the 2018 Action; it consists of scanned copies of the Cards. (*See* Cards; 2018 Compl. Ex. A.) Moreover, in the 2018 Action, Hinshaw attached documents to his complaint tending to show that he had arbitrated a matter with the League in 2011. (2018 Compl. Ex. B.) In the present case, Hinshaw submits the 1998 Agreement he signed as a player and argues that it is unconscionable in part because it contained a clause requiring arbitration of disputes. (*See* Player Contract Art. 5.) For all these reasons, the Court finds that an identity of claims exists between the present case and the 2018 Action.

### b. Final Judgment on the Merits

Additionally, the prior suit must have reached a final judgment on the merits. *Tahoe-Sierra*, 322 F.3d at 1077. "[F]inal judgment on the merits is synonymous with dismissal with prejudice." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) (internal quotation marks omitted). Here, this Court dismissed the 2018 Action with prejudice because it determined then that Hinshaw's claims were time-barred. (*See* CT's RJN Exs. B–C.) Accordingly, this factor is met.

### c. Identity or Privity Between Parties

Finally, the parties in the current action must be identical to or in privity with the parties from the prior action. *Tahoe-Sierra*, 322 F.3d at 1077. Here, the parties in the current action are identical to the parties from the 2018 Action. (*See* Compl.; 2018 Compl.) Accordingly, this factor is met as well.

For the foregoing reasons, the Court concludes that all claims in this matter are barred by *res judicata*. Consequently, the Court **GRANTS** TIPO's Motion and CT's Motion without considering their other arguments. The Court also finds that amendment would be futile because any claims against Defendants based on this

transactional nucleus of facts would similarly be barred; thus, Hinshaw's Complaint is **DISMISSED WITH PREJUDICE.**

## V.     CONCLUSION

In summary, the Court **DENIES** Hinshaw's Motion to Remand (ECF No. 24), **GRANTS** TIPO's Motion (ECF No. 17), and **GRANTS** CT's Motion (ECF No. 19). Hinshaw's Complaint is **DISMISSED WITH PREJUDICE**. The Court will issue judgment.

**IT IS SO ORDERED.**

October 22, 2020

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**